IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-00013-BO

| | |
|---|---|
| ROBERT D. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On 7 May 2024, Proposed Intervenors the National Wildlife Federation and North Carolina Wildlife Federation (collectively, "Wildlife Federations") moved to intervene in this matter as defendants under Rule 24(b) of the Federal Rules of Civil Procedure. [DE 22]. That motion included the positions of the parties: Defendants were unopposed while Plaintiff Robert White opposed intervention. [DE 22 at 2]. That position has changed. On 14 May 2024, White responded to the Wildlife Federations' motions, stating that he does not oppose their intervention in this lawsuit. [DE 32 at 1].

Rule 24(b) authorizes the Court, on a timely motion, to "permit anyone to intervene who . . . has a claim or defense that share with a main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Liberal intervention," the Fourth Circuit notes, "is desirable to dispose of as much of a controversy involving as many apparently concerned person as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (citations and internal quotations omitted). Motions for permissive intervention are committed to the discretion

of the district court. *See, e.g., Smith v. Pennington*, 353 F.3d 884, 892 (4th Cir. 2003) ("Typically, a decision [on] permissive intervention under Rule 24(b) lies within the sound discretion of the trial court." (citation and internal quotations omitted)); *Cf. Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267, 278–79 (2022) (discussing permissive intervention generally). "In exercising [that] discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Wildlife Federations satisfy Rule 24(b)'s requirements. Their motion to intervene is timely considering this action has yet to progress significantly, the Wildlife Federations were not tardy in filing, and the other parties will not be prejudiced by a delay. *See Allied Title Lending, LLC v. Taylor*, 420 F.Supp.3d 436, 455 (E.D. Va. 2019) (outlining factors considered for timeliness of motion to intervene). Next, the Wildlife Federations, who seek to defend the lawfulness of the Amended Rule, assert a defense that shares common questions of law or fact. Since the passage of the Clean Water Act, the Wildlife Federations have been consistently involved with efforts to define the key statutory terms and reach of its protections to the nation's wetlands. What's more, the Wildlife Federations' knowledge of the wetlands and waters around Elizabeth City, gleaned from their members who frequent those areas, will offer a valuable perspective. Finally, allowing the Wildlife Federations to intervene will not unduly delay or prejudice the adjudication of White or the Federal Defendants' rights. Again, this case has only recently begun, and thus far the parties have displayed an ability to work with each other to create efficiencies. Accordingly, the Court, in the exercise of its discretion, grants the Wildlife Federations' motion to intervene.

Anticipating that ruling, the parties—including the Wildlife Federations—have moved to modify the briefing schedule set forth in the Court's 09 May Order [DE 30]. The parties wish to

streamline Plaintiff's reply. Specifically, they request the Court allow White to file a combined reply to both the Federal Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction [DE 24] and the Wildlife Federations' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction [DE 28-1]. The parties also request that the word count for that combined reply be enlarged by 1,000 words so that it shall not exceed 3,800. Given the substantial overlap between the two oppositions and the relatively modest request for an increase in word limit, the motion is granted.

For these reasons, the Court ORDERS as follows: the motion to intervene [DE 22] is GRANTED; the Wildlife Federations are PERMITTED to INTERVENE as defendants. The Wildlife Federations' Motion for Leave to File a Response to Plaintiff's Motion for Preliminary Injunction [DE 28] is GRANTED.

The parties' Motion to Modify Schedule and Word Limit [DE 33] is GRANTED. White shall have by and through 21 May 2024 to submit a combined reply to Defendants' responses in opposition to Plaintiff's Motion for Preliminary Injunction [DE 24, 28-1]. That reply is not to exceed 3,800 words in length.

SO ORDERED, this  15  day of May 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE