IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-00013-BO

ROBERT D. WHITE                       )
                                      )
         Plaintiff,                   )
                                      )
v.                                    )        ORDER
                                      )
UNITED STATES ENVIRONMENTAL           )
PROTECTION AGENCY, et al.,            )
                                      )
         Defendants.                  )

Before the Court is Plaintiff Robert D. White's Motion for Injunction Pending Appeal. [DE 48]. On 02 August 2024, Defendants the Wildlife Federations and the Agencies responded in opposition. [DE 53, 54]. On 05 August 2024, White filed a notice that he did not intend to file a reply and asked the matter be submitted for decision. [DE 55]. For the reasons that follow, the Court denies the motion.

**Background.** Because the parties are familiar with the issues and facts, the Court incorporates the background in its 17 June 2024 order denying White's motion for preliminary injunction. [DE 41 at 2–9]. For the instant motion, a short summary of where things stand is enough.

On 17 June 2024, the Court denied White's Motion for Preliminary Injunction [10] after concluding that White was unlikely to succeed on the merits of his claims under the APA. [DE 41]. In short, White was unlikely to succeed on his claims because the Amended Rule's definition of "waters of the United States" is consistent with the Supreme Court's definition set forth in

*Sackett v. EPA*, 598 U.S. 651 (2023). Because the Court concluded that White was unlikely to succeed on the first preliminary injunction factor, it denied his motion for injunctive relief without considering the remaining three factors as it was entitled.

White thinks the Court got it wrong and that the Amended rule is still unlawful under the APA. On 8 July 2024, he noticed an interlocutory appeal of the Court's order denying injunctive relief. [DE 43]. On 12 July 2024, he filed the instant motion asking the Court to preliminarily enjoin the Federal Defendants (EPA and the Army Corps) from giving effect to, implementing, or enforcing as to him and his properties, the "adjacent wetlands" provision of the Amended Rule while his interlocutory appeal is pending. [DE 48].

**Discussion.** A district court may grant an injunction pending the appeal of its interlocutory order refusing to grant that injunction. Fed. R. Civ. P. 62(d). The standard for an injunction pending appeal is the same as the standard for a preliminary injunction. *Mahmoud v. McKnight*, 688 F. Supp. 3d 265, 306 (D. Md. 2023), *aff'd*, 102 F.4th 191 (4th Cir. 2024); *see also Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010); *Nken v. Holder*, 556 U.S. 418, 434 (2009). So White must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities favors him, and (4) that an injunction is in the public interest. *See Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008). A failure on any of these factors is enough to deny the motion without fully evaluating the rest. *See, e.g., Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2024)

As with White's first motion for preliminary injunction, the instant motion does not make it past the first factor. The order denying preliminary injunctive relief discusses at considerable length why White is unlikely to succeed on the merits. [DE 41]. Nothing has changed on that front, so the Court incorporates and adopts its earlier reasoning by reference. [DE 41 at 15–24]. It follows

2

that White is unlikely to succeed on the merits here. Accordingly, the Court denies his request for preliminary injunctive relief pending appeal without addressing the remaining factors. *See Vitkus*, 79 F.4th at 361.

**Conclusion.** For these reasons, White's Motion for Injunction Pending Appeal [DE 48] is DENIED.

SO ORDERED, this 1͟8͟ day of August 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE